IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA FLOOD**  PLAINTIFF

v.     CASE NO. 4:24-CV-00127-BSM

**L'OREAL USA PRODUCTS, INC.**    DEFENDANT

## ORDER

L'Oreal USA Products, Inc.'s renewed motion to dismiss [Doc. No. 14] is granted, and this case is dismissed with prejudice.

### I. BACKGROUND

Joshua Flood worked for L'Oreal as a senior quality assurance technician. Amend. Compl. ¶ 7, Doc. No. 13. As part of his job, Flood supervised the calibration program for the scales in L'Oreal's facility. *Id*. ¶ 8. L'Oreal used an outside vendor, System Scale, to perform scale maintenance and calibration services. *Id*. ¶ 16. Because of some problems with System Scale, L'Oreal decided to hire a calibration technician through a different vendor. *Id*. ¶ 19. Flood had a good working relationship with one System Scale technician he considered to be a competent worker. *Id*. ¶¶ 20–21. After the technician asked Flood to be introduced to the new vendor, Flood discussed the request with his supervisor, who told him that it would not be an ethical violation to facilitate an introduction. *Id*. ¶¶ 24–27. Flood then gave the technician the name and contact information for the hiring manager of the new vendor and gave the new vendor the technician's name. *Id*. ¶¶ 29–31. Flood was terminated in October 2023 for violating L'Oreal's ethics policies "by giving the technician

legal advice on his non-compete agreement with System Scale, and by giving the technician the name of the new vendor prior to [L'Oreal] signing a contract with the new vendor." *Id*. ¶ 33.

Flood sued L'Oreal, alleging wrongful termination in violation of public policy. L'Oreal moved to dismiss Flood's complaint. L'Oreal's motion was denied without prejudice, and Flood was given leave to amend his complaint. Doc. No. 12. L'Oreal now moves to dismiss the amended complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022).

## III. DISCUSSION

L'Oreal's renewed motion to dismiss is granted because Flood has not alleged a plausible claim for wrongful termination in violation of public policy.

As a general rule, an employment relationship in Arkansas may be terminated at the will of either party, and employers may discharge employees "for good cause, no cause, or

even a morally wrong cause." *Smith v. Am. Greetings Corp.*, 304 Ark. 596, 597, 804 S.W.2d 683, 684 (1991). A limited exception to the at-will doctrine exists when an employee is terminated in violation of a well-established public policy of the state. *Jenkins v. Mercy Hosp. Rogers*, 2021 Ark. 211, at 9, 633 S.W.3d 758, 764. That public policy must be outlined in Arkansas statutes. *Island v. Buena Vista Resort*, 352 Ark. 548, 562, 103 S.W.3d 671, 679 (2003). *See also Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 249, 743 S.W.2d 380, 385 (1988) (recognizing that "the public policy of a state is found in its constitution and statutes"). Claims for wrongful discharge in violation of public policy typically involve "violations of 'whistleblower' statutes, criminal statutes, and statutes designed to protect the public from harm." *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, at 11, 403 S.W.3d 559, 564.

Flood's wrongful discharge claim is dismissed because he does not identify a well-established public policy that L'Oreal violated when it terminated him for giving the name of the new vendor to the technician. Flood alleges his discharge violated three sources of public policy: International Organization for Standardization (ISO) Standard 22716, Food and Drug Administration (FDA) Good Manufacturing Practices Guidance, and Arkansas Code Annotated section 11-5-103. ISO 22716 and the FDA guidance are industry standards requiring regular calibration of manufacturing equipment. But international standards and federal good practice guidelines do not constitute Arkansas public policy, and Flood does not identify an Arkansas law requiring compliance with those industry standards. The Arkansas statute Flood identifies, Arkansas Code Annotated section 11-5-103, requires daily removal

of factory waste and sweepings. Flood alleges he was fired for ensuring that L'Oreal hired a technician who would perform calibration services in compliance with that law, but he does not allege that the technician or vendor had any role in removing waste from the facility. Nor does he allege that L'Oreal was not cleaning its facility as required by law. In short, Flood has not adequately pleaded that he was discharged in violation of the law requiring clean factories.

## IV.  CONCLUSION

For these reasons, L'Oreal's renewed motion to dismiss is granted. Flood's claims are dismissed with prejudice because amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

IT IS SO ORDERED this 13th day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE